IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DEREK ATCHLEY**, et al.,

        Plaintiffs,

v.

**VALAIS VENTURES LLC**, et al.,

        Defendants.

Case No. 3:21-cv-01301-MO

OPINION & ORDER

**MOSMAN, J.,**

This case comes before me on Plaintiffs' Motion to Strike and Remand [ECF 8]. For the reasons explained below, I DENY in part and GRANT in part Plaintiffs' motion.

## BACKGROUND

Plaintiffs Derek Atchley and Brendan Stringer initiated this action in state court against a litany of Oregon companies and individuals. Plaintiffs' complaint raises ten causes of action, including violations of the Fair Labor Standards Act and a federal RICO claim. Crowhurst Decl. [ECF 2] Ex. A, ¶¶ 23–25, 29–31, 37–38. On July 30, 2021, Plaintiffs filed declarations of service in state court. *Id.* at 11–52. These declarations report that Plaintiffs effected service on all defendants by serving "Chad Doe" at 121 NE Middlefield Rd. in Portland Oregon. *Id.* Defendants removed this action to federal court on September 1, 2021.

1 – OPINION & ORDER

## DISCUSSION

### I.  Motion to Strike

First, Plaintiffs move to strike five paragraphs from the Declaration of Megan Crowhurst filed by Defendants. Pls.' Mot. to Strike & Remand [ECF 8] at 2–3. Defendants filed the Crowhurst Declaration in conjunction with their notice of removal; the Crowhurst Declaration explains Defendants' grounds for removal. *See* Crowhurst Decl. [ECF 2]. The five paragraphs at issue explain that no defendant was located at 121 NE Middlefield Road on the day Plaintiffs effected service and that it was neither a place of business for the corporate defendants nor a usual place of abode for the individual defendants. *Id.* ¶¶ 4–8. Plaintiffs object to these statements as hearsay. Pls.' Mot. to Strike & Remand [ECF 8] at 2–3.

Plaintiffs are correct that many of the disputed statements are hearsay. For example, Crowhurst, who is counsel for defendants, does not herself declare that defendant Lawrence Lonergan lives in New Jersey; instead, she states "Lonergan has informed [her] that he resides in New Jersey." Crowhurst Decl. [ECF 2] ¶ 6. This affidavit, based on hearsay, is insufficient for evidentiary purposes. *See Garcia v. Fannie Mae*, 794 F. Supp. 2d 1155, 1162–63 (D. Or. 2011).

Defendants observe that a notice of removal asserting the adequacy of the amount in controversy "need not contain evidentiary submissions," Defs.' Am. Resp. to Pls.' Mot. to Strike and Remand [ECF 23] at 15 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)). But the Crowhurst declaration does not attempt to establish federal jurisdiction. Rather, it tries to show that service was improper and that Defendants' removal was therefore timely. Crowhurst's hearsay statements have no evidentiary weight in determining whether service was proper.

Yet I see no point in striking the Crowhurst Declaration. Since submitting the Crowhurst Declaration, Defendants have submitted additional non-hearsay declarations that contain the same information that Crowhurst provided. *See* Esposito Decl. [ECF 18]; Lonergan Decl. [ECF 19]; Terrill Decl. [ECF 20]; McDowell Decl. [ECF 21]; Thielen Declaration [ECF 22]. I therefore DENY, Plaintiffs' motion to strike as moot.

**II.    Motion to Remand**

Federal jurisdiction over Plaintiffs' claims would normally be proper under 28 U.S.C. § 1331 because Plaintiffs have alleged causes of action under federal statutes, specifically 29 U.S.C. §§ 206–207 and 18 U.S.C. § 1961. But Plaintiffs contend that Defendants' removal of the case was untimely and that remand is therefore necessary. Pls.' Mot. to Strike & Remand [ECF 8] at 3.

Under 28 U.S.C. § 1446(b)(1), a defendant seeking removal of a civil action must file a notice of removal of a civil action within 30 days after receiving a copy of the complaint. Plaintiffs' declarations of service state that all defendants were served on July 30, 2021. Crowhurst Decl. [ECF 2] Ex. A at 11–52. Defendants filed their notice of removal on September 1, 2021, which is 33 days after Plaintiffs' purported service. Nevertheless, Defendants argue that their removal was timely because Plaintiffs' service was improper or, in the alternative, that service was only effective on August 2, 2021. Defs.' Am. Resp. to Pls.' Mot. to Strike & Remand [ECF 23] at 7–15.

Because Defendants were served in Oregon prior to removal, Oregon law governs here. *Whidbee v. Pierce Cnty*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("When a case is removed from state court to federal court, the question [of] whether service of process was sufficient prior to removal is governed by state law.")

3 – OPINION & ORDER

### A. Waiver of Challenges to Service

Plaintiffs contend that Defendants waived any challenge to service by filing an answer to the complaint in state court. Pls.' Mot. to Strike & Remand [ECF 8] at 5–6. It is true that defendants waive an improper service defense by failing to raise it in their response. Or. R. Civ. Pro. 21 (G)(1). But Defendants' objections to service are not the kind of affirmative defense that Or. R. Civ. Pro. 21 envisions. Defendants do not seek dismissal of this case based on improper service. Defs.' Am. Resp. to Pls.' Mot. to Strike & Remand [ECF 23] at 15–17. Rather, Defendants use improper service as an explanation for why their removal was timely. Filing a response does not waive all possible objections a defendant may have to service; it merely precludes defendants from asserting insufficient process as an affirmative defense to the complaint. Or. R. Civ. Pro. 21 G(1).

### B. Whether Service Was Proper

Oregon courts use a two-step approach to determine the adequacy of service. *Baker v. Foy*, 797 P.2d 349, 354–55 (Or. 1990). First, the court looks at whether the plaintiff effected service through one of the methods specified in Or. R. Civ. Pro. 7 D(2). *Id.* If yes, then there is a presumption that service was adequate. If not, then the court determines whether the manner of service "was reasonably calculated to provide defendant with notice of the action and reasonable opportunity to appear and defend." *Id.* at 352. The court makes this "reasonable notice" inquiry by "examining the totality of the circumstances." *Id.*

#### 1. Service Under Or. Civ. Pro. 7 D(2)

Plaintiffs claim that they served all Defendants through office service.[1] Pls.' Reply to Mot. to Strike & Remand [ECF 24] at 4. Office service is "made by leaving true copies of the

---

[1] Defendants assert that Plaintiffs did not effect office service because their declarations of service list "substituted service" as the form of service. Defs.' Am. Resp. to Pls.' Mot. to Strike & Remand [ECF 23] at 10; Crowhurst Decl.

4 – OPINION & ORDER

summons and the complaint at [the defendant's] office during normal working hours with the person who is apparently in charge." Or. R. Civ. Pro. 7 D(2)(c). The plaintiff must then mail copies of the summons to the defendant's usual place of abode, place of business, or "any other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action." *Id.*

The process server, Hilary Lien-Beye, declares she left copies of the summons and complaint with Chad Doe—real name Chad Terrill—at 121 NE Middlefield Road. Lien-Beye Decl. [ECF 25] ¶ 3. Plaintiffs assert that (1) service on Terril was proper because he was "apparently in charge" and (2) that service at the Middlefield property was proper because they had reasonably concluded that each defendant maintained an office there. Pls. Reply to Mot. to Strike & Remand [ECF 24] at 3–11.

### a. Service of Chad Terrill

Upon entering the Middlefield property, Lien-Beye saw Terril. Lien-Beye Decl. [ECF 25] ¶ 3. Lien-Beye then said that she had legal service for each of the defendants named in the case. *Id.* Terril responded with "I can take those." *Id.* Moreover, in serving Terril, Lien-Beye relied not only on their interaction on July 30, but also her experience in a previous suit against several of the same defendants, where she served Terril in the exact same location without later objection. *Id.* ¶ 2. Under these circumstances, Terril was "apparently in charge" of the office at that time and Plaintiffs reasonably relied on his confirmation that service on him was proper. *See Abbotts v. Bacon*, 891 P.2d 1321, 1324 n.6 (Or. Ct. App. 1995) ("whether a person is 'apparently in

---

[ECF 2] Ex. A at 11–52. I agree with Plaintiffs that "'[s]ubstitute service' here is obviously being used in its colloquial sense" to refer to "service…made on someone who was not the named defendant." Pls.' Reply to Mot. to Strike & Remand [ECF 24] at 7. This imprecise usage is common, *see Pham v. Faber*, 955 P.2d 257, 262 n.11 (Or. Ct. App. 1998), and should not recast otherwise clear office service.

5 – OPINION & ORDER

charge' for the purposes of Or. R. Civ. Pro. 7 D(2)(c) is taken from the viewpoint of the person serving the summons." (citing Merrill, *Jurisdiction and Summons in Oregon* 155, § 2.10 (1986)).

Defendants contend that serving Terril was improper because he was not a "registered agent" of the corporate defendants under Or. R. Civ. Pro. 7 D(3). Defs.' Am. Resp. to Pls.' Mot. to Strike & Remand [ECF 23] at 13. Defendants misinterpret the Oregon Rules. Rule 7 D(3) does not add requirements to the methods of service dictated by Rule 7 D(2), it only specifies what methods of service are appropriate for different kinds of defendants. *See Williams v. Jett*, 54 P.3d 624, 626 (Or. Ct. App. 2002) (applying Rule 7 D(3)); *Stull v. Hoke*, 957 P.2d 173, 178 (Or. Ct. App. 1998) (same). So, when Rule 7 D(3)(c)(i) says that service upon a limited liability is proper "[b]y…office service upon a registered agent," it does not mean that the registered agent must personally be served. Instead, it means that the registered agent may be office served, meaning the complaint may be left at the registered agent's office with "the person who is apparently in charge." Or. R. Civ. Pro. 7 D(2)(c). If office service must be made personally upon the registered agent, there would be no point in Rule 7 D(3)(c)(i) allowing for both personal service and office service. For each corporate defendant, Plaintiffs physically served Terril as a way of office serving the registered agent. And because Rule 7 D(3) allows office service of individuals, corporations, and limited liability companies, that method of service is adequate here.

### b. Service at the Middlefield Property

Defendants contend that office service at the Middlefield property was improper because no defendant maintained an office there on July 30, 2021. Defs.' Am. Resp. to Pls.' Mot. to Strike & Remand [ECF 23] at 10. Yet each corporate defendant registered that property as its principal place of business with the Oregon Secretary of State as of July 28, 2021. Egan Decl. [ECF 9] Ex. 1. In those same Oregon Secretary of State records, each individual defendant is

6 – OPINION & ORDER

listed as a member or registered agent of the corporate defendants. *Id.* And the address each individual defendant chose to register? 121 NE Middlefield Road. *Id.*

Because all defendants listed the Middlefield property as their address with the Oregon Secretary of State, Plaintiffs reasonably concluded that Defendants maintained that office "for the conduct of business" and that office service there was proper. Or. R. Civ. Pro. 7 D(2)(c).

Defendants assert that by the time of service, all corporate defendants had moved out of the Middlefield property to another office in Milwaukie. Yet their lease at the Middlefield property was still valid and their address with the Oregon Secretary of State had not been updated. Esposito Decl. [ECF 18] ¶ 8. Moreover, even assuming the Milwaukie office had become Defendants' principal place of business, office service need not be made at a defendant's *principal* place of business, only a place where the defendant conducts business. Or. R. Civ. Pro. 7 D(2)(c).

Having left the complaint and summons at Defendants' office with Terril, an individual who was apparently in charge, Plaintiffs completed office service by mailing a copy of the complaint and summons to each defendant. *See* Crowhurst Decl. [ECF 2] Ex. A at 11–52. Defendants argue that Plaintiffs did not properly mail the complaint to the individual defendants because they sent the complaint to the individual defendants' office rather than their "house or usual place of abode." Or. R. Civ. Pro. 7 D(2)(c). But again, Defendants have misread the Oregon Rules: office service allows the plaintiff to mail copies of the summons and the complaint to the "defendant's place of business." *Id.*

### 2. Reasonable Notice Under Rule 7 D(1)

Having effected service through a method endorsed by Rule 7 D(2), Plaintiffs have established a presumption of adequate service. *Baker*, 797 P.2d at 354. Furthermore, I find that

7 – OPINION & ORDER

Plaintiffs' method of service was also reasonably calculated to provide Defendants with notice of this action. Plaintiffs served Defendants at an address that each had listed with the Oregon Secretary of State. *See Gallogly v. Calhoon*, 869 P.2d 346, 348 (Or. Ct. App. 1994) (finding service of a lawyer's grandmother to be reasonable service of the lawyer when he listed that address as his own in the Oregon State Bar directory). Plaintiffs left copies of the summons and complaint with an individual who had been known to accept service on Defendants' behalf and who readily volunteered to accept the service. *Abbotts*, 891 P.2d at 1324 n.6 (Or. Ct. App. 1995) (finding the process server reasonably relied on a bartender's statement that she would "make sure the papers were given to [the defendant's registered agent]"). And Plaintiffs mailed a copy of the summons and complaint to Defendants' listed address by first-class mail. *See Hoeck v. Schwabe, Williamson & Wyatt*, 945 P.2d 534, 541 (Or. Ct. App. 1997) (finding follow-up mailing, "coupled with other forms of service," constituted reasonable service).

I therefore find that Plaintiffs effected adequate service of process on all Defendants under both Rule 7 D(1) and Rule 7 D(2).

### C. Timing of Service

Defendants argue that even if service was proper, that service was not completed until three days after Plaintiffs left copies of the complaints and summons with Terril. Defs.' Am. Resp. to Pls.' Mot. to Strike & Remand [ECF 23] at 3. Defendants draw this number from Or. R. Civ. Pro. 7 D(2)(d)(ii), which states that service is completed when the defendant "signs a receipt for the mailing, or 3 days after the mailing." However, this three-day addition applies only in calculating time for service by mail, not office service. Office service is complete "upon the mailing" itself. Or. R. Civ. Pro. 7 D(2)(c). Here, the mailing was on July 30, 2021. Crowhurst Decl. [ECF 2] Ex. A at 11–52. Thus, service was completed on July 30, 2021.

8 – OPINION & ORDER

Because Defendants filed their notice of removal 33 days after they received adequate service, removal was untimely. Accordingly, I GRANT Plaintiffs' motion to remand.

## CONCLUSION

For the reasons explained above, I DENY in part and GRANT in part Plaintiffs' Motion to Strike and Remand [ECF 8]. Specifically, I DENY Plaintiffs' motion to strike and I GRANT Plaintiffs' motion to remand this case to state court.

IT IS SO ORDERED.

DATED this 16 day of December, 2021.

                                              MICHAEL W. MOSMAN
                                              United States District Judge